IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00126-RLV
(5:15-cr-00012-RLV-DSC-1)

| | |
|---|---|
| BRANDON LAMAR ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

## I. BACKGROUND

On March 12, 2015, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count One), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two).

In Petitioner's presentence report (PSR), the probation officer assessed four criminal history points for two counts of robbery with a dangerous weapon which Petitioner sustained in in North Carolina in Iredell County Superior Court. (5:15-cr-00012, Doc. No. 20: PSR ¶¶ 37-38). Based on a total of ten criminal history points and an offense level of 23, Petitioner's Guidelines range was 84 to 105 months on the drug conviction and a mandatory, consecutive term of 5-years' imprisonment on the firearm conviction. (Id. ¶ 107). Petitioner's counsel objected to the

1

use of the robbery with a dangerous weapon offenses to increase his criminal history points contending that they did not qualify as "crimes of violence." Petitioner based this argument on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (Id. at 24). Petitioner later withdrew this objection after the Government filed a motion pursuant to § 5K1.1 of the Guidelines and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance. (Id., Doc. 23: Government's Motion; Doc. No. 25: Statement of Reasons at 1).

On November 16, 2015, the Court granted the Government's motion for a downward departure and sentenced Petitioner to a term of 21-months on Count One and a consecutive term of 60-months' imprisonment on Count Two. (Id., Doc. No. 24: Judgment). The Court granted Petitioner's motion for extension of time to file an appeal from this judgment to the Fourth Circuit Court of Appeal; however he declined to file an appeal. (Id., Doc. No. 27).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner renews the claim, this time pro se, that he is

entitled to sentencing relief based on the Johnson decision discussed above. (5:16-cv-00126, Doc. No. 1: Motion to Vacate).[1]

Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

Petitioner contends that his "common law robbery" conviction no longer qualifies as a crime of violence based on the holding in Johnson, as applied by the Fourth Circuit in United States v. Gardner, ___ F.3d ___, No. 14-4533, 2016 U.S. App. LEXIS 9066, slip op. at 18, 20 (4th Cir. May 18, 2016). (Motion to Vacate at 3). In Gardner, the Court held the North Carolina offense of common law robbery no longer qualified as a "violent felony" in the wake of the Johnson decision. Petitioner's argument fails for two reasons.

First, Petitioner's PSR did not identify any convictions for common law robbery although

---

[1] The Supreme Court recently held that the holding in Johnson is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (Apr. 18, 2016).

it did identify the two convictions for robbery with a dangerous weapon. Second, to the extent Petitioner would complain about the use of those latter two convictions to enhance his sentence, this argument is without merit as the Fourth Circuit has expressly concluded that the North Carolina offense of robbery with a dangerous weapon qualifies as a violent felony under the "force clause" as enumerated in § 924(e)(2)(B)(i). See United States v. Smith, No. 15-4218, 2016 U.S. App. LEXIS 1227, at *3-4 (4th Cir. Jan. 26, 2016).[2]

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

---

[2] See United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (finding the terms "crime of violence" and "violent felony" "are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others.") (citing See United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

the denial of a constitutional right).

      The Clerk is respectfully directed to close this civil case.

      **SO ORDERED.**

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge