IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15CR12-RLV-DSC-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| BRANDON LAMAR DAVIS | ) | |
| | ) | |

This CAUSE is before the Court on Defendant-Petitioner's (hereafter "Defendant) "Motion Pursuant to Rule 60(b)(1) and Rule 60(b)(6) to Correct a Sentencing Guideline Criminal History Miscalculation" filed May 30, 2017 (Doc. 32).

Defendant contends that his starting guideline range should have been 70 to 87 months for Count One (offense level 23, criminal history category IV) rather than 84 to 105 months (offense level 23, criminal history category V) based on an alleged error in his presentence report giving him 10 criminal history points rather than 9. He asks that the Court bring him back to the Court for resentencing.

The motion is improperly brought under Rule 60 of the Rules of Civil Procedure, there having been other avenues available, but even if properly brought it fails for the alleged error of not having been objected to at the time of sentencing. Thus, no opportunity to address the merits of Defendant's current position in the adversarial context of sentencing was afforded to the Court.

Moreover, the sentence pronounced for Count One (the heroin conspiracy) was 21 months, based on a motion for substantial assistance, well below the 70-87 month range for which Defendant argues. In this Court's view, there is no "reasonable probability of a different outcome" had the Defendant's now-proposed starting guideline calculation been adopted. Applied to the range used as a starting point (84 months low end), Defendant's proposed range (70 low end) would be 17 per cent lower, or 3.6 months relative to the 21 months actually imposed as punishment for Defendant's heroin conspiracy conviction. Not negligible to Defendant, but de minimus in the larger picture of the level of cooperation with the Government in the light of the level of criminal conduct. In any event, this Court would not resentence Defendant to less than 21 months for the Count One offense. Of course, the 60 months imposed on Count Two, as mandatory and consecutive, would also remain unchanged in any event.

It may be acknowledged that Defendant, in making his instant motion, may have been under the misimpression that the 14 point reduction in starting low end of the guidelines for which he argues would benefit him relative to his full 81 month final sentence, rather than only the Count One portion of it.

For the foregoing reasons, the Court need not reach the merits of defendant's contentions about criminal history score, and Defendant's motion is DENIED AND DISMISSED.

Signed: May 14, 2018

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge